UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SATICOY BAY LLC SERIES 6800 E. LAKE MEAD,<br><br>Plaintiff(s),<br><br>v.<br><br>SHANAN L. HOWARD, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-571 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Saticoy Bay LLC Series 6800 E. Lake Mead's ("Saticoy Bay") motion to remand. (ECF No. 9). No defendant has filed a response, and the time for doing so has since passed.

**I.  Facts**

The present case concerns a dispute over real property located at 6800 E. Lake Mead Blvd., Unit 1025, Las Vegas, Nevada, 89156 ("the property"). (ECF No. 4).

On February 22, 2018, plaintiff filed a complaint in state court against Shanan Howard, Mountainside Unit Owners Association ("the HOA"), Mid America Mortgage ("MAM"), LoanCare, LLC ("LoanCare"), and Quality Loan Service Corporation ("QLSC"). (ECF No. 4-2). Plaintiff's complaint asserts claims for declaratory relief, quiet title, unjust enrichment, and injunctive relief. *Id.*

On March 29, 2018, defendants MAM and LoanCare ("defendants") filed a petition for removal in this court. (ECF No. 4). Notably, MAM and LoanCare did not obtain consent from the HOA or QLSC prior to filing the petition for removal. (ECF No. 9).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Procedurally, a defendant has thirty (30) days upon notice of removability to remove a case to federal court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988)).

On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life*

James C. Mahan
U.S. District Judge

- 2 -

*Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

**III.     Discussion**

As an initial matter, the court notes that defendant's failure to respond constitutes a consent to the granting of plaintiff's motion to remand. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Additionally, plaintiff's motion to remand demonstrates that this court lacks jurisdiction to hear this action, and that plaintiff's timely-filed motion merits the requested relief.

A federal court must possess jurisdiction over an action to hear the dispute. *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1112. If a court determines at any time that it lacks subject matter over an action, it must dismiss or remand the case as appropriate. *See id.* at 1114 (reversing and remanding with instructions to remand the case to state court, as the district court lacked subject matter jurisdiction over the claims).

Plaintiff's motion cites two alternative reasons remand is appropriate in this case: first, MAM and LoanCare did not obtain consent of defendant HOA and defendant QLSC prior to removal; second, this court lacks subject matter to hear the action.

   *a.  Procedural defect*

28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." This requirement is often referred to as the "rule of unanimity." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

Plaintiff alleges that the court should remand this case based on a lack of unanimity. (ECF No. 9). Plaintiff asserts that it served defendant HOA and defendant QLSC two weeks prior to the instant petition for removal, and that defendants MAM and LoanCare failed to obtain consent from the HOA and QLSC prior to filing the instant petition. *Id.* As not all defendants joined or consented to removal prior to the filing of the instant petition, the petition violates the rule of unanimity. *See Proctor*, 584 F.3d at 1225. Accordingly, remand is appropriate.

James C. Mahan
U.S. District Judge

- 3 -

### b. Subject matter jurisdiction

As an alternative ground for removal, plaintiff asserts that this court lacks subject matter jurisdiction over the instant dispute. (ECF No. 9). In their petition for removal, defendants MAM and LoanCare assert that this court possesses subject matter jurisdiction to hear this action based on diversity of citizenship and based on federal question jurisdiction. (ECF No. 4). The court will consider each argument in turn.

### i. Diversity jurisdiction

Plaintiff named two Nevada defendants in its complaint: Howard and the HOA. (ECF No. 4-2). Defendants assert that Howard and the HOA are fraudulently joined defendants, and should not be considered for the purpose of determining whether the court can exercise diversity jurisdiction over the instant action. (ECF No. 4).

A court sitting in diversity may exercise "jurisdiction in cases between 'citizens of different States.'" *Id.* at 1112 (citing 28 U.S.C. § 1332(a)(1)). Diversity, in this context, requires "complete diversity." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Essentially, each plaintiff must be a citizen of a different state than each defendant. *Weeping Hollow*, 831 F.3d at 1112.

Fraudulent joinder is a mechanism by which a party may invoke diversity jurisdiction even when a plaintiff joins a non-diverse defendant. *Id.* at 1113. Under the doctrine of fraudulent joinder, a court considering whether diversity exists ignores a resident defendant "if the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to the settled rules of the state." *Id.* (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "Any party invoking federal court jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against fraudulent joinder." *Id.* (citing *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

In *Weeping Hollow*, the plaintiff sued multiple defendants in Nevada state court, seeking to quiet title as to a piece of property. *Id.* at 1111. Two of the defendants were Wells Fargo Bank, N.A. ("Wells Fargo") and the former homeowner. Defendant Wells Fargo removed the action to federal court. *Id.* Because the pleadings included a non-diverse defendant, the former homeowner, defendant Wells Fargo sought to establish diversity jurisdiction pursuant to the fraudulent joinder

1  doctrine. *Id.* at 1113. By the time the lower court entered judgment in favor of Wells Fargo, plaintiff had not served a summons on the former homeowner. *Id.* at 1114.

The Ninth Circuit held that Wells Fargo had not met its burden for demonstrating fraudulent joinder. *Id.* The plaintiff could articulate a colorable claim against the former homeowner for quiet title, as the former homeowner could potentially bring an equitable claim for quiet title under state law within five years of the foreclosure sale. *Id.* at 1113–14 (citing *Long v. Towne*, 98 Nev. 11, 639 P.2d 528, 530 (1982). Further, as the lower court had granted summary judgment in favor of Wells Fargo before the time to serve all defendants had expired, the Ninth Circuit dismissed Wells Fargo's arguments regarding lack of prosecution. *Id.* at 1114. As complete diversity was thus lacking, the Ninth Circuit directed the lower court to remand the case to state court. *Id.*

Here, defendants have not met their burden of establishing fraudulent joinder. Plaintiff included Howard and the HOA in its complaint as defendants. (ECF No. 4-2). Pursuant to *Long*, Howard can still assert an equitable claim for relief against plaintiff. 639 P.2d at 530. Thus plaintiff's complaint does not fail to state a cause of action against Howard. *Weeping Hollow*, 831 F.3d at 1113–14. Further, although the HOA does not currently assert an interest in the property, plaintiff states an additional claim for unjust enrichment against the HOA that is distinct from plaintiff's quiet title claim. *See* (ECF No. 4-2). Accordingly, the HOA is not a fraudulently joined defendant.

As plaintiff, Howard, and the HOA are all citizens of the state of Nevada, complete diversity does not exist on these facts.

    *ii.    Federal question jurisdiction*

In their petition for removal, defendants assert that this case arises under the property, supremacy, and due process clauses of the United States Constitution.[1] (ECF No. 4). As plaintiff correctly notes, the complaint does not specifically assert or necessarily rely on application of any

---

[1] Notably, defendants statement regarding removal discusses whether diversity jurisdiction exists but not whether federal question jurisdiction exists on these facts. *See* (ECF No. 7) (containing a single reference to federal question jurisdiction in footnote 1, which the court will reproduce in its entirety: "Removal is also based on 28 U.S.C. § 1331.").

**James C. Mahan**
**U.S. District Judge**

- 5 -

of these constitutional clauses. Instead, these clauses may arise in defenses raised by MAM and LoanCare, and the existence of potential constitutional defenses is not sufficient to assert federal question jurisdiction. *See Metropolitan Life Ins. Co v. Taylor*, 481 U.S. 58, 63 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). Accordingly, the complaint does not plead a federal question, and the court cannot exert federal question jurisdiction over this action.

## IV. Conclusion

Defendants' removal of this case violated the rule of unanimity. Further, defendants' petition for removal does not demonstrate that the exercise of jurisdiction over plaintiff's complaint is proper.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 8) be, and the same hereby is, GRANTED.

DATED May 18, 2018.

_____
UNITED STATES DISTRICT JUDGE